## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
### CIVIL DIVISION

**ELMO MURICE BROWN AND**
**CHAUNTAE MARIE DAVIS**                                    **PLAINTIFFS**

v.                            CASE NO. 66FCV-23-307

**JURY TRIAL DEMANDED**

**RJ PRINJA, LLC AND**                                      **DEFENDANTS**
**MELONIE RUTH PRINJA AND**
**SHAWN PRINJA**

### COMPLAINT

COMES NOW, Plaintiffs Elmo Maurice Brown and Chauntae Marie Davis ("Plaintiffs"), by and through his undersigned counsel, and for their Complaint against Defendants RJ Prinja, LLC, Melonie Ruth Prinja and Shawn Prinja ("Defendants"), states and alleges as follows:

### PARTIES

1.  Plaintiff Elmo Maurice Brown is a Missouri resident who may be found at 2821 Highland Ave, Kansas City, MO 64109.

2.  Chauntae Marie Davis is a Missouri resident who may be found at 2821 Highland Ave, Kansas City, MO 64109.

3.  Defendant RJ Prinja, LLC, is a limited liability company with its principal place of business at 5103 Towson Ave., Fort Smith, AR 72901.

4. On information and belief, Defendant Shawn Prinja, is an Arkansas resident who may be found at 5103 Towson Ave., Fort Smith, AR 72901.

5. Defendant Melonie Ruth Prinja is an Arkansas resident who may be found at 5103 Towson Ave., Fort Smith, AR 72901.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to AR Code § 16-13-201 and Ark. Const. Amend. 80 § 6(A), as this Court has original jurisdiction in all cases not assigned to the justice courts.

7. This Court has subject matter jurisdiction over this matter pursuant to AR Code § 16-17-704 and Ark. Const. Amend. 80 § 6(A).

8. Venue is proper in this Court pursuant to AR Code § 16-60-101.

9. All acts and omissions giving rise to the claims asserted herein occurred in Sebastian County, Arkansas.

## BACKGROUND

10. On or around July 1, 2022, Plaintiffs arrived in Fort Smith, Arkansas for a family visit. Plaintiffs decided to stay at the River Valley Inn and Suites located at 5103 Towson Ave., Fort Smith, AR 72901.

11. On information and belief, the River Valley Inn and Suites is legally known as RJ Prinja, LLC.

12. Plaintiffs stay lasted until July 5, 2022, when they sought to check out of the motel.

13. When Plaintiff attempted to check out, Defendant Melonie, who was working at the service counter, left from behind the counter and out of the front office.

14. Plaintiffs waited to complete the checkout process and when Defendant Melonie returned, she was red in the face, breathing heavily and began throwing Plaintiffs' bedding and towels.

15. Plaintiff Brown asked Defendant Melonie if there was an issue and explained that the two just wanted their deposit returned and to complete the checkout process.

16. Defendant Melonie said "you motherfuckers" can get off of my premises, I'm not giving you shit. Plaintiff Davis responded, "wait a minute."

17. Defendant Melonie began screaming at Plaintiffs in a hysterical manner referring to them as "nigger," "django," "roach," and other terms intending to be racially derogatory. She further said that Plaintiff Brown dreads because he wanted to get fucked in [the] ass and then started making threats about "fucking [Plaintiffs] up."

18. In fear of bodily harm, Plaintiff Davis called the Fort Smith Police Department.

19. Defendant Shawn walked out of the back office and said, "I'm going to fuck you up," referring to Plaintiffs.

20. Plaintiff Brown asked why he was making threats like that and a dispatch representative for the Police Department told Plaintiffs to keep their distance from Defendants.

21. An officer arrived and asked Defendant Shawn to print the receipt for Plaintiffs.

22. According to Officer Odle, Defendant Shawn responded saying that he would print the receipt to "show that Kunta Kinte looking motherfucker if he can even read" referring to Plaintiff Brown.

23. On information and belief, Defendant Shawn was referencing a slave character from the movie film Roots.

24. Apparently, Defendants wanted Plaintiffs to compensate them for using the motel's bedding and towels. Defendants also refused to return Plaintiffs' deposit.

25. Plaintiffs believe that Defendants charging them to use the motel's bedding and towels was because of their race; and also the refusal to return the deposit was because of Plaintiffs' race.

26. Plaintiffs were banned from the motel, also because of their race.

27. Due to the clerk's racially discriminatory and hostile acts, Plaintiffs were unable to complete their check out from the motel, receive their deposit or return to the motel.

28. Defendant refused to honor the terms of the agreement made between Defendant and customers as it failed to return Plaintiff's deposit and banned him from the motel. The Defendant also charged Plaintiff for using the towel and bedding at the motel.

29. As a result of Defendant's incendiary, racially charged, and hostile behavior, Defendant effectively thwarted Plaintiffs' attempt to enforce their contract with Defendant.

30. Plaintiffs also received substandard and inhumane service preventing them from enjoying all the benefits, privileges, terms and conditions of a contractual relationship.

31. On information and belief, non-African American patrons were treated more favorably and allowed to make and enforce their contracts with Defendant. On further information and belief, those patrons were not charged for the use of towels and bedding and their deposits were returned upon check out.

32. As a result of Defendants' conduct, Plaintiffs have experienced severe emotional distress including but not limited to loss of sleep, anxiety, depression, humiliation, embarrassment, post-traumatic stress disorder, vomiting, nausea and abdominal pains.

## COUNT I
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
### AGAINST R.J. PRINJA LLC

33. Plaintiff hereby incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

34. Defendant R.J. Prinja LLC discriminated against Plaintiffs in violation of 42 U.S.C. § 1981.

35. Plaintiffs are African American and belong to a class protected from discrimination under 42 U.S.C. § 1981.

36. Plaintiffs engaged in a protected activity when they actively sought to enforce the contract by attempting to complete his check out from Defendant's place of business and obtain his refundable deposit.

37. Defendant interfered with Plaintiffs' right to enjoy the benefits and privileges of the contract by its hostile and inhumane conduct toward Plaintiffs.

38. Defendant's interference with Plaintiffs' right to enforce a contract was intentional and based on Plaintiffs' race in violation of 42 U.S.C. § 1981.

39. Defendant's actions against Plaintiffs were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

40. As a direct and proximate result of Defendant's discrimination, Plaintiffs have and will continue to suffer from loss of economic damages and non-economic damages, including but not limited to emotional distress, humiliation, embarrassment, inconvenience,

mental anguish, loss of enjoyment of life and other non-pecuniary damages, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiffs Elmo Maurice Brown and Chauntae Marie Davis, respectfully request that this Court enter a judgment in his favor and against Defendant RJ Prinja, LLC, and award Plaintiff damages as proven at trial, including compensatory damages, punitive damages, attorneys' fees and related litigation and enforcement expenses and such other further relief as deemed just and proper under the circumstances.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DEFENDANTS SHAWN AND MELONIE PRINJA

41. Plaintiff hereby incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

42. Defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of their conduct.

43. Defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized society.

44. The actions of Defendants were the cause of the Plaintiffs emotional distress.

45. The emotional distress sustained by the Plaintiffs was so severe that no reasonable person could be expected to endure it.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have and will continue to suffer from loss of economic damages and non-economic damages, including but not limited to emotional distress, humiliation, embarrassment, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiffs Elmo Maurice Brown and Chauntae Marie Davis, respectfully request that this Court enter a judgment in their favor and against Defendants Shawn Prinja and Melodie Ruth Prinja and award Plaintiffs damages as proven at trial, including compensatory damages, punitive damages, attorneys' fees and related litigation and enforcement expenses and such other further relief as deemed just and proper under the circumstances.

## COUNT III
### ASSAULT AGAINST DEFENDANTS SHAWN AND MELONIE PRINJA

47. Plaintiff hereby incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

48. Defendants acted intending to cause a harmful or offensive contact with Plaintiffs or an imminent apprehension of such contact.

49. Defendants' actions were wanton and willful.

50. As a result of Defendants' actions, Plaintiffs were put in imminent apprehension of such contact.

51. As a direct and proximate result of Defendants' actions, Plaintiffs have and will continue to suffer from loss of economic damages and non-economic damages, including but not limited to emotional distress, humiliation, embarrassment, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiffs Elmo Maurice Brown and Chauntae Marie Davis, respectfully request that this Court enter a judgment in their favor and against Defendants Shawn Prinja and Melodie Ruth Prinja and award Plaintiffs damages as proven at trial, including compensatory damages, punitive damages, attorneys' fees and related litigation and

enforcement expenses and such other further relief as deemed just and proper under the circumstances.

## COUNT IV
## VICARIOUS LIABILITY AGAINST DEFENDANT R.J. PRINJA LLC

52. Plaintiff hereby incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

53. Defendant R.J. Prinja LLC employed Defendants Shawn and Melodie.

54. At all times relevant, Defendants Shawn and Melodie were acting within the course and scope of their employment; and therefore, Defendant R.J. Prinja LLC is vicariously liable for the damages sustained by Plaintiffs.

WHEREFORE, Plaintiffs Elmo Maurice Brown and Chauntae Marie Davis, respectfully request that this Court enter a judgment in their favor and against Defendant RJ Prinja, LLC as being vicarious liable for COUNTS II and III (Intentional Infliction of Emotional Distress and Assault, respectively), and award Plaintiff damages as proven at trial, including compensatory damages, punitive damages, attorneys' fees and related litigation and enforcement expenses and such other further relief as deemed just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all issues herein.

Respectfully submitted,
Elmo Brown & Chauntae Davis, Plaintiffs

By: _____
Bradley Hull, ABA #2017126
HICKEY AND HULL LAW PARTNERS
502 Garrison Avenue
Fort Smith, AR 72901
P: (479) 434-2414
F: (479) 434-2415
*brad@kevinhickeylaw.com*

## VERIFICATION

I, ELMO MURICE BROWN, swear and affirm that I have read the above and foregoing document and that information contained in the above and foregoing document is true and complete to the best of my knowledge, information, and belief.

_____
ELMO MURICE BROWN, PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this 31 day of March 2023.

_____
NOTARY PUBLIC

My Commission Expires:

2/08/25

(SEAL)

MARIA G ALLEN
Notary Public, Notary S.
State of Missouri
Jackson County
Commission # 21652000
Commission Expires 02-28-2

## VERIFICATION

I, CHAUNTAE MARIE DAVIS, swear and affirm that I have read the above and foregoing document and that information contained in the above and foregoing document is true and complete to the best of my knowledge, information, and belief.

_____
CHAUNTAE MARIE DAVIS, PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this 31 day of March 2023.

_____
NOTARY PUBLIC

My Commission Expires:

2/28/25

(SEAL)

```
MARIA G ALLEN
Notary Public, Notary Seal
State of Missouri
Jackson County
Commission # 21652000
My Commission Expires 02-28-2025
```